**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| **BRANDON HAUGHT and SONNY DAVIDSON, on behalf of themselves and all others similarly situated,** | : : : | |
| | : : | CASE NO.: |
| *Plaintiffs*, | : : | JUDGE: _____ |
| **v.** | : : | |
| | : | **JURY DEMANDED** |
| **TRAP YOUR MOLES LLC, DOO DOO DOCTOR LLC, and MATT TACKETT,** | : : : | |
| *Defendants*. | : : | |

---

## COMPLAINT

---

### I.   INTRODUCTION

1.     Brandon Haught ("Named Plaintiff Haught") and Sonny Davidson ("Named Plaintiff Davidson") (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendants Trap Your Moles LLC ("Defendant Moles"), Doo Doo Doctor LLC ("Defendant Doctor"), and owner Matt Tackett ("Mr. Tackett") (collectively "Defendants"). Defendants are a single enterprise that does business in Ohio, Kentucky, and Indiana.

2.     Named Plaintiffs bring these federal claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

1

3.      Named Plaintiffs assert common law claims for unjust enrichment based on Defendants' misclassification of themselves and those similarly situated as "independent contractors." As a result of this misclassification, Named Plaintiffs and those similarly situated have been denied the rights and protections afforded to employees under state and federal law, including employer-provided workers' compensation coverage, unemployment insurance benefits, and overtime pay.

4.      Named Plaintiffs bring these Ohio claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. (the Ohio Wage Act and the OPPA will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60.

5.      Named Plaintiffs bring their FLSA action on behalf of themselves and those similarly situated who file their written consent to join this action pursuant to 29 U.S.C. § 216(b).

6.      Named Plaintiffs bring Ohio Wage Laws and O.R.C. § 2307.60 claims on behalf of themselves and similarly situated employees who performed work in Ohio who join this lawsuit..

7.      Defendants failed to pay Named Plaintiffs and the Putative Plaintiffs one-and one-half times their respective regular rates for all hours worked over forty (40) in a workweek, and as such, Defendants have violated the FLSA and the Ohio Wage Laws.

8.      Named Plaintiffs further allege that Defendants have been unjustly enriched at the expense of Named Plaintiffs and the Putative Plaintiffs by subjecting them to deductions, charges, and/or expenses that are typically borne by employers.

## II.   JURISDICTION AND VENUE

9.    This Court has jurisdiction over Named Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10.   This Court has jurisdiction over Named Plaintiffs' supplemental Ohio Wage Law claims pursuant to 28 U.S.C. § 1367.

11.   Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, as Defendants are headquartered in this jurisdiction and a significant portion of the events or omissions giving rise to the claims occurred within this judicial district.

## III.   PARTIES

### A.   Plaintiffs

12.   Named Plaintiff Brandon Haught ("Named Plaintiff Haught") is an adult individual residing in Fort Thomas, Kentucky at 28 Toni Terrace Fort Thomas, KY 41075. Plaintiff Haught was employed with Defendants as a pet waste removal worker from approximately July 2023 until approximately September 2024. His Notice of Consent to Join this Lawsuit is attached as **Exhibit A**.

13.   Named Plaintiff Sonny Davidson ("Named Plaintiff Davidson") is an adult individual residing in Batavia, Ohio at 2262 Whitmer Rd. Batavia, OH 45103. Plaintiff Davidson was employed with Defendants as a mole trapper from approximately June 2022 until approximately June 2023. His Notice of Consent to Join this Lawsuit is attached as **Exhibit B.**

14.   The Putative Plaintiffs are all current and former individuals that worked for Trap Your Moles, LLC and/or Doo Doctor, LLC within the three (3) years preceding the commencement of this action and the present. ("Putative Plaintiffs").

### B. **Defendants**

15.     Defendant Trap Your Moles LLC ("Defendant Moles") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Agents Express Tax Service, LLC at 2553 Live Oak Rd. Sylvania, OH 43560.

16.     Defendant Doo Doo Doctor LLC ("Defendant Doctor") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Matt Tackett, at 964 Shepherd Woods Court Batavia, OH 45103

17.     Defendant Matt Tackett ("Mr. Tackett") is an adult individual who does business throughout the state of Ohio and is an owner of Defendant Moles and Defendant Doctor. Process may be served at his residence at 964 Shephard Woods Ct. Batavia, OH 45103.

18.     Defendant Moles, Defendant Doctor, and Mr. Tackett will be collectively referred to as "Defendants."

19.     Defendants share a common location, P.O. Box 753 Batavia, OH 45103.

20.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

21.     Defendants centrally control employment policies and practices for all of their employees.

22.     Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

23.     Defendants share a common purpose of performing yard work services for clients.

24.     Defendants' enterprise acts through each of the Defendants.

25.     Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiffs and the Putative Plaintiffs.

26. Thus, each Defendant is a "person" (within the meaning of the FLSA andOhio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a),

27. As a result, Defendants, both individually and collectively, employ the Named Plaintiffs and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Wage Laws.

## IV.    FACTUAL ALLEGATIONS

28. At all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA, the Ohio Wage Laws, and O.R.C. § 2307.60.

29. During all times material to this Complaint, Defendants jointly employed Named Plaintiffs and the Putative Plaintiffs within the meaning of the FLSA, the Ohio Wage Laws, and O.R.C. § 2307.60.

30. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were Defendants' employees pursuant to the FLSA, the Ohio Wage Laws, and O.R.C. § 2307.60.

31. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

32. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were non-exempt employees as that term is defined by the FLSA and the Ohio Wage Laws.

33. Defendants jointly employ Named Plaintiffs and the Putative Plaintiffs from their Ohio headquarters to provide yard work services to their clients in multiple locations in Southern Ohio, Northern Kentucky, and Indiana.

### A. Defendants Purposefully Misclassify Named Plaintiffs and the Putative Plaintiffs as "Independent Contractors" to Avoid Providing Federal and State Benefits.

34. During all times material to this Complaint, and upon information and belief, Named Plaintiffs and the Putative Plaintiffs were misclassified by Defendants as independent contractors throughout the duration of their employment.

35. During all times material to this Complaint, and upon information and belief, Defendants micromanaged the manner in which Named Plaintiffs and the Putative Plaintiffs performed their work, leaving Named Plaintiffs and the Putative Plaintiffs with little independent discretion or control over their job.

36. During all times material to this Complaint, and upon information and belief, Named Plaintiffs and the Putative Plaintiffs had virtually no opportunity for profit or loss depending upon their managerial skill.

37. During all times material to this Complaint, and upon information and belief, Named Plaintiffs and the Punitive Plaintiffs held a permanent position and could not realistically pursue other business opportunities.

38. During all times material to this Complaint, and upon information and belief, the services rendered by Named Plaintiffs and the Putative Plaintiffs are an integral part of Defendants' business (i.e., yard work services).

6

39.     During all times material to this Complaint, Defendants mandated that Named Plaintiffs and Putative Plaintiffs wear uniforms. Named Plaintiff Haught was required to wear a t-shirt displaying the company logo, "Doo Doo Doctor," along with a small dog graphic on the front. Similarly, Named Plaintiff Davidson was required to wear a t-shirt featuring the company logo, "Trap Your Moles," accompanied by a mole graphic on the front.

40.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were provided with the equipment and materials needed to perform the job, such as buckets, trash bags, scoopers, and mole traps.

41.     During all times material to this Complaint, Mr. Tackett operated the business from his home. As such, Named Plaintiffs and the Putative Plaintiffs had access to his garage code and were required to visit his home to collect the necessary supplies or materials needed for the day.

42.     During all times material to this Complaint, and on multiple occasions, Named Plaintiff Haught was required to install dog waste service stations at apartment complexes. When doing so, Defendants provided him with tools, equipment, and materials to complete the installation.

43.     Further, during all times material to this Complaint, Defendants provided vehicles that Named Plaintiffs and the Putative Plaintiffs were required to drive to and from job sites. The vehicle had the company logo with Mr. Tackett's phone number displayed on the side.

44.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were not required to find clients or seek sales. All potential new clients went through and spoke directly with Mr. Tackett, as it was Mr. Tackett's personal cell phone number on all flyers, websites, logos, and vehicles for Defendants.

45.     During all times material to this Complaint, Mr. Tackett was solely responsible for communicating with new clients, negotiating service rates, and drafting client contracts or

7

agreements. Indeed, Defendants were the ones responsible for setting the price point at which Defendants' yard work services would be performed.

46.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs were compensated weekly through Defendant Moles' payroll system.

47.     During all times material to this Complaint, Defendants had what they considered a "master list" of clients. Each Sunday, Mr. Tackett or a member of Defendants' Human Resources team would send the updated master list and assign Named Plaintiffs and the Putative Plaintiffs their client routes for the week.

48.     During all times material to this Complaint, and upon information and belief, if Named Plaintiffs and the Putative Plaintiffs wanted to swap client assignments or change routes, they were required to obtain permission from Mr. Tackett.

49.     During all times material to this Complaint, Defendants direct when, where, and how Named Plaintiffs' and the Putative Plaintiffs' work is to be completed.

50.     During all times material to the Complaint, Defendants had operational control over significant aspects of Named Plaintiffs' and the Putative Plaintiffs' day-to-day functions, the authority to hire, fire, and discipline employees, including Named Plaintiffs and the Putative Plaintiffs, the authority to set rates and methods of compensation, and the authority to control work schedules and employment conditions.

51.     The significant control Defendants exert over Named Plaintiffs and the Putative Plaintiffs clearly indicates the existence of an employer-employee relationship.

52.     During all times material to this Complaint and based on the economic realities of the relationship between Defendants and Named Plaintiffs and the Putative Plaintiffs, it is clear that Named Plaintiffs and the Putative Plaintiffs have been "employees" for purposes of FLSA coverage.

53.     During all times material to this Complaint, by illegally misclassifying Named Plaintiffs and the Putative Plaintiffs as independent contractors and refusing to offer employer-financed workers compensation coverage, unemployment insurance benefits, and overtime benefits, Defendants have unfairly benefited from the work of these employees.

54.     On August 19, 2024, Named Plaintiff Haught was injured while working in a client's yard after tripping over a tree stump. The incident caused injuries including sciatica, bruised contusions, and bulging discs.

55.     Named Plaintiff Haught filed for Worker's Compensation benefits as a result of his injury, however, Defendants did not retain a Worker's Compensation insurance policy in violation of O.R.C. § 4123 et seq.,

56.     After Named Plaintiff Haught filed his Worker's Compensation claim, Defendants quickly removed him from their payroll and attempted to force him to sign an Independent Contractor agreement. *See Text Message Between Brandon Haught and Matt Tackett* attached as **Exhibit C.**

57.     As a result of Named Plaintiff Haught's Worker's Compensation claim, the Ohio Industrial Commission found that Named Plaintiff Haught was indeed an employee of Defendants, rather than an Independent Contractor. *See Ohio Industrial Commission Hearing Record* attached as **Exhibit D.**

58.     Further, during all times material to this Complaint, by illegally misclassifying Named Plaintiffs and the Putative Plaintiffs, Defendants have created a scheme that allows them to avoid withholding or paying employment taxes.

59.     Upon information and belief, Defendants employed several family members who received insurance benefits through their employment, unlike Named Plaintiffs and the Putative Plaintiffs.

60.     Upon information and belief, to the extent that Defendants paid themselves benefits, by illegally misclassifying Named Plaintiffs and the Putative Plaintiffs as independent contractors, Defendants have avoided paying Named Plaintiffs and the Putative Plaintiffs benefits in compliance with the Employee Retirement Income Security Act of 1974 ("ERISA").

61.     It would be inequitable for Defendants to retain the benefit without properly compensating Named Plaintiffs and Putative Plaintiffs for its value.

**B.    Defendants Failed to Pay Named Plaintiffs and the Putative Plaintiffs Overtime Wages at One-and One-Half Times their Respective Regular Rates.**

62.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

63.     However, during all times material to this Complaint, and upon information and belief, Defendants have a policy and practice of not paying Named Plaintiffs and the Putative Plaintiffs at a rate of one-and one-half times their regular rate for all hours worked beyond forty (40) in a workweek.

64.     Instead, during all times material to this Complaint, Defendants have a practice of paying Named Plaintiffs and the Putative Plaintiffs a set amount of compensation weekly without regard to the number of hours that Named Plaintiffs and the Putative Plaintiffs work.

65.     During all times material to this Complaint, and upon information and belief, Defendants paid Named Plaintiff Haught one thousand one hundred dollars ($1,100) and Named Plaintiff Davidson one thousand two hundred dollars ($1,200) each week they worked while employed by Defendants.

66.     During all times material to this Complaint, Defendants paid Named Plaintiffs and Putative Plaintiffs through Defendant Moles' payroll system, regardless of whether they worked

for Defendant Moles or Defendant Doctor which shows a unified payroll system. *See Mr. Tackett Text Regarding Payroll* attached as **Exhibit D.**

67.     By failing to pay Named Plaintiffs and the Putative Plaintiffs at a rate of 150% their respective regular rates for all hours worked beyond forty (40) in a workweek, Defendants violated the FLSA and the Ohio Wage Laws.

68.     Defendants knew or should have known that their pay practices were in violation of the FLSA and the Ohio Wage Laws.

69.     Indeed, Defendants willfully carried out their illegal scheme in violation of the FLSA and the Ohio Wage Laws.

70.     The unpaid wages to which Named Plaintiffs and the Putative Plaintiffs are entitled to have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## V.     COURT SUPERVISED NOTICE

71.     Named Plaintiffs re-allege, and incorporate by reference, the allegation set forth in the preceding paragraphs.

72.     Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former individuals that worked for Trap Your Moles, LLC and/or Doo Doctor, LLC within the three (3) years preceding the commencement of this action and the present. ("Employees Entitled to Notice")**

73.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

74.    The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

75.    Court Supervised Notice pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code § 4111.14 (k) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

76.    Sending Court Supervised Notice to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants misclassified them as independent contractors and failed to pay them 1.5 times their regular rate for all hours worked in excess of forty (40) in a workweek.

77.    Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

78.    Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned wages in compliance with the FLSA and the Ohio Wage Laws.

79.    Named Plaintiffs seek to have the Court send supervised notice to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

80.    Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

81.    The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA and the Ohio Wage Laws.

82.    Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful misclassification and refusal to pay the appropriate wages for all hours worked.

83.    As a result of Defendants' FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VI.    CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

84.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

85.    Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

86.    Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections as they were employees within the meaning of 29 U.S.C. § 203(e)(1) and the Defendants were joint employers within the meaning of 29 U.S.C. § 203 (d).

87.    Here, through the companywide practice of misclassifying Named Plaintiffs and Employees Entitled to Notice as Independent Contractors and refusing to pay them overtime wages, Defendants have not satisfied their FLSA obligations.

88. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

89. Defendants have a companywide practice of paying Named Plaintiffs and the Employees Entitled to Notice a set amount of compensation weekly without regard to the number of hours that Named Plaintiffs and the Employees Entitled to Notice work.

90. As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all hours worked over forty (40) in a workweek at one-and one-half times their respective regular rates.

91. Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

92. In violating the FLSA, Defendants have jointly acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## <u>COUNT II</u>
## UNJUST ENRICHMENT

93. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

94. Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

95. Defendants have been financially enriched by subjecting Named Plaintiffs and the Employees Entitled to Notice to deductions, charges, and/or expenses that typically are borne by employers (including many of Defendants' business competitors).

96.     The financial enrichment enjoyed by Defendants has come at the expense of Named Plaintiffs and the Employees Entitled to Notice, who have borne the improper deductions, charges, and/or expenses.

97.     It is against equity and good conscience to permit Defendants to retain such improper deductions, charges, and/or expenses.

98.     Defendants should be required to reimburse Named Plaintiffs and the Employees Entitled to Notice for such improper deductions, charges, and/or expenses under the doctrine of unjust enrichment.

## COUNT III
## VIOLATION OF THE OHIO WAGE ACT

99.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

100.    Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who performed work in Ohio who join this lawsuit.

101.    The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

102.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

103.    At all times material to this Complaint, Defendants were joint employers covered by the Ohio Wage Act and has been thus required to comply with its mandates.

104. At all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice who perform work in Ohio were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

105. At all times material to this Complaint, Defendants regularly jointly employed Named Plaintiffs and the Employees Entitled to Notice who perform work in Ohio to work more than forty (40) hours in a workweek.

106. At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and Employees Entitled to Notice who performed work in Ohio for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiffs and Employees Entitled to Notice who performed work in Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

107. Defendants violated the Ohio Wage Act because they knew or should have known that the Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio were employees, rather than independent contractors, and thus entitled to the protections of Ohio Wage Act.

108. At all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

109. Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional,"

16

"outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

110.   In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

111.   Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of the Ohio Wage Act, by which the Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio have suffered and continue to suffer damages.

## COUNT IV
## VIOLATION OF THE OHIO PROMPT PAY ACT

112.   Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

113.   Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who performed work in Ohio who join this lawsuit.

114.   The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

115.   At all times relevant to this Complaint, Defendants have refused to pay Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio all wages within thirty (30) days beyond their regular scheduled payday.

116.   Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

117.     Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio are entitled to an additional six percent (6%) of the unpaid wages as additional liquidated damages, and all other remedies available.

### COUNT V
### CIVIL PENALITIES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

118.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

119.     Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who join this lawsuit.

120.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

121.     By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio have been injured as a result.

122.     O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

123.     As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the Employees Entitled to Notice who performed work in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Employees Entitled to Notice pray that this Court enter the following relief:

A.      For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B.      For an Order requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice.

C.      In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D.      Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

E.      Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice that join the lawsuit.

F.      An order equitably tolling the statute of limitations as of the Named Plaintiffs and Employees Entitled to Notice.

G.      Damages for all missed payments taken from or applied to the Plaintiffs' and the Employees Entitled to Notice employees' pay.

H.      An order awarding the Plaintiffs and the Employees Entitled to Notice who join this case back pay equal to their respective overtime wages for all hours worked over forty (40) for three (3) years preceding the filing of this Complaint to the present, plus an additional two times that amount in liquidated damages.

I.      Designation of the Named Plaintiffs as representatives of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

J.      A declaratory judgment that the practices complained of herein are unlawful under the Ohio Wage Laws.

K.      Awarding Named Plaintiffs and the Employees Entitled to Noice who performed work in Ohio who join this lawsuit the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

L.      A finding that Defendants have failed to pay overtime wages in violation of the FLSA and the Ohio Wage Laws.

M.      A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA and the Ohio Wage Laws.

N.      A finding that Defendants were unjustly enriched by retaining improper deductions, charges, and/or expenses from Named Plaintiffs and the Employees Entitled to Notice.

O.      A finding that Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit should have been classified as "employees."

P.      Compensatory and punitive damages under O.R.C. § 2307.60.

Q.      Awarding pre-judgment and post-judgment interest.

R.      An award of prejudgment and post-judgment interest.

S.      An award of costs and expenses of this action, together with reasonable attorneys' fess and expert fees; and,

T.  Any other relief to which the Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: April 28, 2025                    Respectfully submitted,

                                         **BARKAN MEIZLISH DEROSE COX, LLP**

                                         */s/ Robert E. DeRose*
                                         Robert E. DeRose (OH Bar No. 0055214)
                                         Anna R. Caplan (OH Bar No. 0104562)
                                         4200 Regent Street, Suite 210
                                         Columbus, OH 43219
                                         Phone: (614) 221-4221
                                         Facsimile: (614) 744-2300
                                         bderose@barkanmeizlish.com
                                         acaplan@barkanmeizlish.com

                                         *Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

                                         */s/ Robert E. DeRose*
                                         Robert E. DeRose
                                         *Attorney for Plaintiffs*